By ancillary proceedings, the Montgomery County Common Pleas Court granted a motion of the father to terminate the obligation for support of his child. The mother appeals, assigning two errors:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED CHILD SUPPORT FOR A CHILD THAT TURNED 18, WAS ATTEMPTING TO BE READMITTED TO HIGH SCHOOL DURING THE SCHOOL YEAR, AND WAS LIVING UNDER PARENTAL CONTROL.
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED CHILD SUPPORT FOR A CHILD THAT HAD SERIOUS EMOTIONAL AND BEHAVIORAL PROBLEMS, LIVED UNDER PARENTAL CONTROL, AND WAS NOT ABLE TO SUPPORT HIMSELF FINANCIALLY BECAUSE OF HIS EMOTIONAL AND BEHAVIORAL PROBLEMS.
Jason Palmer, the child in question, turned 18 on March 18, 1997. On his eighteenth birthday he quit Miami Valley Career Technology Center, where he had been enrolled as a junior/sophomore. He had been a marginal student.
Upon his leaving school, his mother and the school made efforts to re-enroll him for the balance of the school year, approximately fifty-seven (57) days. The effort was unsuccessful and Jason left the home of his mother in June, 1997. During the period he lived at home after dropping out, he was dependent upon mother, and is still not independent financially. Mother claims that Jason has emotional and behavioral problems that render him continually dependent.
 I.
A child support order "shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school. Any parent ordered to pay child support under a child support order issued under this section shall continue to pay support under the order, including during seasonal vacation periods, until the order terminates." R.C. 3109.05(E).
Appellant claims favor of several prior decisions of this court "bending" the facts to fit